**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 28, 2006**

**TENTH CIRCUIT**

---

CAMERON C. BRAZILLE,

    Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

    Respondent - Appellee.

No. 05-7049
(E.D. Oklahoma)
(D.Ct. No. CIV-02-440-S)

---

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPLICATION**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Cameron C. Brazille, a state inmate appearing *pro se*,[1] seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his

---

[1] We liberally construe Brazille's *pro se* pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

petition for writ of habeas corpus under 28 U.S.C. § 2254 .[2]  Because Brazille has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his application.

On August 17, 1999, Brazille and Brenda Conard attempted to cash two stolen checks at Harp's Foods Store in Fort Gibson, Oklahoma.  They left the store in a pickup truck driven by another male.  When the arresting officer stopped the pickup truck, the officer discovered a third stolen check on Brazille's person.  Brazille was arrested and charged in Oklahoma state court with two counts of uttering a forged instrument (Counts 1 and 3) and three counts of knowingly concealing stolen property (Count 2, 4-5).  The jury found him guilty on all five counts.  The trial judge merged the three counts of knowingly concealing stolen property into one count, Count 2, and sentenced Brazille to three concurrent twenty year periods of imprisonment.  Brazille appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed the conviction.  He also filed a petition for post-conviction relief in state court which was denied; his appeal from that denial was unsuccessful.

---

[2] Brazille never filed a request for a COA with the district court but did file a notice of appeal, which is construed as a request for a COA.  FED. R. APP. P. 22(b); *Hoxsie v. Kerby*, 108 F.3d 1239, 1241 (10th Cir. 1997).  The district court never ruled on the COA issue.  "Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a [COA] within thirty days after filing the notice of appeal as a denial of the certificate."  *United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

On August 16, 2002, Brazille filed a § 2254 petition in the United States District Court for the Eastern District of Oklahoma. In this petition, Brazille raised the following grounds for relief: (1) the stolen check found on his person (which was the basis for Count 5) should have been suppressed under the Fourth Amendment because it was the fruit of an unlawful search; (2) his sentence is excessive because no harm resulted from the offense; (3) he should not be held liable for the check Conard attempted to cash (Count 1) and insufficient evidence was presented that he aided and abetted her; (4) trial counsel was ineffective for failing to have Count 1 suppressed and to investigate the charges; (5) his double jeopardy rights were violated because he was charged with multiple crimes and received multiple sentences for a single act; (6) the testimony of the arresting officer and the owner of the stolen checks was not credible; and (7) the evidence was insufficient that he was the male individual who presented the checks at the store and in fact, it was the driver of the truck who presented the checks at the store.[3] In a thorough analysis, the magistrate judge rejected these claims on the merits. The district court agreed with the magistrate and denied Brazille's § 2254

---

[3] In his appellate brief, Brazille claims the district court failed to address his argument that the state trial judge exceeded his authority by dismissing the jury prior to the penalty phase. The reason the district court did not address the argument is that he raised it for the first time in his objections to the magistrate judge's report and recommendation. Moreover, Brazille failed to exhaust his state court remedies on this claim. Nevertheless, the record shows that Brazille stipulated for purposes of sentencing that he had two or more prior felony convictions. Consequently, no further fact-finding was necessary.

petition.

We have thoroughly reviewed the entire record, which includes the transcripts of Brazille's trial, and the relevant authority. For substantially the same reasons relied upon by the magistrate, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[4] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Therefore, Brazille's request for a COA is **DENIED** and his application is **DISMISSED**. Because Brazille has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his request to proceed *in forma pauperis* on appeal is **DENIED**. *DeBardeleben v. Quinlan*, 937 F.2d 502 , 505 (10th Cir. 1991).

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

[4] On appeal, Brazille claims the district court did not timely address his § 2254 petition. Because Brazille's petition was properly denied, any delay in its resolution was not prejudicial.